1

2

3                                                              *E-Filed 1/13/16*

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7                        SAN FRANCISCO DIVISION

8

9   RAJESH MANI,                          No. C 15-4489 RS (PR)

10            Plaintiff,                   **ORDER OF SERVICE;**

11       v.                               **ORDER DIRECTING DEFENDANT
                                          TO FILE DISPOSITIVE MOTION OR**
12   DR. BRIGHT,                          **NOTICE REGARDING SUCH
                                          MOTION;**
13            Defendant.
                                          **INSTRUCTIONS TO CLERK**
14   _____/

15

16                         **INTRODUCTION**

17       Plaintiff, a state prisoner proceeding pro se, filed this federal civil rights action under

18   42 U.S.C. § 1983 in which he raises Eighth Amendment medical treatment claims against

19   Dr. Bright at Soledad State Prison.  Upon review of his complaint under 28 U.S.C.

20   § 1915A(a), the Court concludes that plaintiff has stated claims for relief.  Defendant is

21   directed to file a dispositive motion or notice regarding such motion relative to such claims

22   on or before April 15, 2016.  The Court further directs that defendant is to adhere to the

23   notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

24                          **DISCUSSION**

25   **A.    Standard of Review**

26       A federal court must conduct a preliminary screening in any case in which a prisoner

27   seeks redress from a governmental entity or officer or employee of a governmental entity.

28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

2    dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

3    be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.*

4    § 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica*

5    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

6         A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim

7    to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)

8    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

9    plausibility when the plaintiff pleads factual content that allows the court to draw the

10   reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting

11   *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions

12   cast in the form of factual allegations if those conclusions cannot reasonably be drawn from

13   the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

14   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:     (1)

15   that a right secured by the Constitution or laws of the United States was violated, and    (2)

16   that the alleged violation was committed by a person acting under the color of state law.  *See*

17   *West v. Atkins*, 487 U.S. 42, 48 (1988).

18   **B.    Legal Claims**

19        Plaintiff alleges that Dr. Bright violated his Eighth Amendment rights when he failed

20   to remove a cyst.  This alleged failure has caused plaintiff problems in walking and in

21   performing "normal activities."  When liberally construed, plaintiff has stated a claim for

22   relief.

23                              **CONCLUSION**

24        For the foregoing reasons, the Court orders as follows:

25        1.    The Clerk of the Court shall issue summons and the United States Marshal

26   shall serve, without prepayment of fees, a copy of the complaint in this matter (Docket

27   No. 1), all attachments thereto, and a copy of this order upon Dr. Bright at Soledad State

28

No. C 15-4489 RS (PR)
ORDER OF SERVICE

2

Prison.  The Clerk shall also mail courtesy copies of the complaint and this order to the California Attorney General's Office.

2.    No later than ninety (90) days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

a.    If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than forty-five (45) days from the date defendant's motion is filed.

4.    Defendant shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6.    All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

Rule 16-1 is required before the parties may conduct discovery.

8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012).  **Defendant shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

**IT IS SO ORDERED**.

DATED:  January 13, 2016

RICHARD SEEBORG
United States District Judge